JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant Dexter Lowe appeals the trial court's decision designating him as a sexual predator.
 {¶ 2} Defendant is currently incarcerated for the 1990 rape of a twenty-six-year-old woman. He also served time for a 1971 conviction for rape of a girl under the age of fourteen. At his "H.B. 180" hearing, the trial court determined him to be a sexual predator.
 {¶ 3} At that hearing, the prosecutor presented evidence establishing the 1971 rape conviction and showing that in the 1991 offense defendant "raped [the victim] orally, vaginally and anally, two times each." Tr. at 5. The state also pointed out portions of the psychological evaluation report, which was made at defense counsel's request and included in the presentence evaluation. In that report, defendant admitted to the psychologist that "he and his brother used to grab women off the street." Tr. at 6. The report also rated defendant in the medium to high category for recidivism.
 {¶ 4} Appellant's brief says defendant "completed various programs and courses, including Sexual Offender programming," but does not cite a source for this statement. At the hearing, defense counsel emphasized defendant's good behavior while in prison and pointed out the defendant has been "involved in a 12-step program, AA and NA, big book study program, a violence prevention program, stress management and therapeutic community programs including orientation, the HELP program, the family program, re-entry phase program and the relapse prevention program * * *." Tr. at 8. It is not clear when or where defendant participated in these programs Nor is it clear whether any of these programs was designed for persons convicted of sexual crimes. Indeed, none of the programs was explained at the hearing. The psychiatric report states that defendant participated in "Sex Addicts Anonymous," but does not explain this program. That is, we do not know whether this program is specifically for criminal offenders.
 {¶ 5} Following the defendant's address to the court, primarily claiming his innocence for the 1991 conviction, the court asked him, "[y]ou've indicated to the Court Psychiatric Clinic that you consider yourself a sex addict, is that correct?" Defendant confirmed that it was. Tr. at 12. The term "sex addict" is not explained either in the report or at the hearing.
 {¶ 6} The defendant admitted the victim in the 1971 rape was fourteen years old; he also admitted "substantial narcotics use" between his release from prison for the first rape and the second offense. (Tr. at 13.) The court then stated, "[b]ased on those findings, I am going to find that you're a sexual predator * * *." Tr. at 14.
 {¶ 7} Defendant states two assignments of error. Because the second assignment of error is dispositive of the case, we will address it first.
 {¶ 8} For his second assignment of error, defendant states:
 {¶ 9} "II. as held by the supreme court in State v. Thompson and discussed by the tenth district court of appeals in State v. Burke, the trial court erred in determining that the appellant was a sexual predator without considering any of the relevant factors codified at R.C.2950.09(B)(2)."
 {¶ 10} Defendant argues that the finding must be vacated because the court did not discuss the statutory factors for finding him a sexual predator on the record. He is correct is asserting that without adequate discussion of the requisite statutory factors by the court at a sexual predator hearing, the court errs in designating an offender a sexual predator.
 {¶ 11} In State v. Cook (1998), 83 Ohio St.3d 404, 426, the Supreme Court of Ohio explained: "The statute does not require the court to list the criteria, but only to `consider all relevant factors, including' the criteria in R.C. 2950.09(B)(2) in making his or her findings." In State v. Eppinger (2001), 91 Ohio St.3d 158 the Court described how a model sex offender hearing should be conducted: "In a model sexual offender classification hearing, there are essentially three objectives. First, it is critical that a record be created for review. Therefore, the prosecutor and defense counsel should identify on the record those portions of the trial transcript, victim impact statements, presentence report, and other pertinent aspects of the defendant's criminal and social history that both relate to the factors set forth in R.C. 2950.09(B)(2) and are probative of the issue of whether the offender is likely to engage in the future in one or more sexually oriented offenses." Id. at 166.
 {¶ 12} Next, the Supreme Court stated that an expert report or expert testimony may be required to help the court assess the offender's likelihood of recidivism, especially when there is only one sexually oriented offense. "Finally, the trial court should consider the statutory factors listed in R.C. 2950.09(B)(2), and should discuss on the recordthe particular evidence and factors upon which it relies in making its determination regarding the likelihood of recidivism." Id. (Emphasis added.)
 {¶ 13} In State v. Lee (Sept. 13, 2001), Cuyahoga App. No. 78899, 2001 Ohio App. LEXIS 4071, this court found that the requirements stated in Eppinger are mandatory: "although the record contains evidence that would support [the sexual predator classification], it is clear the trial court's pronouncement of its determination of appellant's classification without any discussion constitutes reversible error." Id. at 15.
 {¶ 14} The Second District further explained: "Eppinger requires trial courts to create an adequate record for appellate review. We stress that this need not be done by written decision. Instead, trial courts may make findings on the record, following a hearing, so long as the findings comply with Eppinger." State v. Marshall (Nov. 16, 2001), 2nd Dist. No. 18587. See also State v. Lopez (Dec. 14, 2001), 2nd Dist. No. 18646, ("the court must discuss the evidence and factors it has relied on to decide if recidivism is likely.")
 {¶ 15} In the case at bar, defendant focused on defendant's participation in a number of programs: Alcoholics Annonymous and Narcotics Annonymous, a violence prevention program, stress management and therapeutic community programs, including the HELP program, the family program, re-entry phase program, and the relapse prevention program. Further, defense counsel noted additional factors against recidivism, such as his "good relationship with the female figures in his life, his mother particularly," and that the victim "was not a male victim." Additionally, defendant "is no longer a substance abuser." Tr. at 8-9.
 {¶ 16} As a basis for its decision, the court mentioned three facts: his admission to a doctor he was a "sex addict," the court's summary of substantial narcotic use between his release from Lima and the time of his arrest in 1991, and the young age of the victim in 1971. There are problems with these reasons. First, a "sex addict"[1] is not necessarily a "sexual predator." Indeed, defendant described a very full sexual life that was entirely consensual.
 {¶ 17} The court's second reason was his substantial drug use. The only evidence presented for the last eleven years, however, was that he was drug free. The court never addressed his current condition. Without explanation, the court ignored undisputed information defendant was currently drug free and relied instead on evidence of substance abuse eleven years ago. The judge never explained why evidence from this earlier period, eleven years ago, was more convincing of defendant's likelihood of reoffending.
 {¶ 18} Finally, although the court asked the age of the victims, the court never indicated its significance or explained how the age of the earlier victim thirty years ago suggests a high risk of recidivism for this defendant now. Nor did the court acknowledge the adult age of the victim he was currently incarcerated for — this event occurring over ten years ago. Ignoring recent information, moreover, the court never even mentioned the quite numerous programs defendant had participated in. All in all, the discussion by the judge was too cursory to satisfy the statutory requirement that the court consider "all relevant" factors, including the specific factors listed in2950.09(2)(a)-(j).
 {¶ 19} As the Second District explained, "the trial court, rather than this court, bears the initial responsibility to apply the facts of [defendant]'s case to all the pertinent statutory factors, and to make adequate findings to provide for meaningful appellate review." State v.Marshall, supra, at 29. We find in the case at bar that the trial court failed to create an adequate record by not engaging in an analysis of the relevant facts and by not directing those facts to the question of defendant's likelihood of reoffending.
 {¶ 20} We are required, therefore, to vacate the trial court's order classifying appellant as a sexual predator and to remand for a rehearing. See Lee at 16 and State v. Marshall at *13.
 {¶ 21} The second assignment of error has merit.
 {¶ 22} For his first assignment of error, defendant states:
 {¶ 23} "I. The evidence is insufficient, as a matter of law, to prove `by clear and convincing evidence' that appellant `is likely to engage in the future in one or more sexually oriented offenses.'"
 {¶ 24} Because the second assignment of error is dispositive of this case, the first assignment of error is moot.
Reversed and remanded for a new sexual predator hearing.
This cause is reversed and remanded.
It is ordered that appellant recover of appellee his costs herein taxed.
It is ordered that a special mandate be sent to the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JAMES D. SWEENEY, P.J., AND MICHAEL J. CORRIGAN, J., CONCUR.
[1] We note that this phrase is also the name of a group in which defendant is a member, according to the Pre-Sentence report. Thus defendant's answer could also refer to his membership in the group.